IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONTE BURRIS, #434043 | * | |
|     Plaintiff, | | |
|     v. | * | CIVIL ACTION NO. DKC-15-3773 |
| OFC. D. HOFFMAN | * | |
| OFC. M. KIBLER | | |
| OFC. T. FOX | * | |
| LT. K. COVINGTON | | |
|     Defendants. | * | |

*****

## MEMORANDUM OPINION

On December 10, 2015, the court received for filing this 42 U.S.C. § 1983 Complaint filed by Western Correctional Institution ("WCI") inmate Donte Burris, dated December 3, 2015. Burris complains that subsequent to a cell search on November 4, 2015, he was hit in the face, kicked in the posterior, and pushed and kicked to the floor by three Maryland Correctional Institution correctional officers. ECF No. 1 at p. 3. Burris states that he is "still waiting" on his administrative remedy procedure grievance. *Id*. at p. 2. He seeks $775,000.00 in damages and "removal" from the Maryland Division of Corrections. Burris has filed a motion for leave to proceed in forma pauperis and because he appears indigent, his motion shall be granted. His Complaint, written within thirty days after the alleged incident, shall be dismissed without prejudice for the failure to exhaust administrative remedies.

28 U.S.C. § 1915A provides for screening of any Complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See McLean v. United States*, 566 F.3d 391, 394 (4th Cir. 2009); 28 U.S.C. § 1915(a). Before permitting the case to move forward or requiring a response from the Defendants, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); S*ee also Williamson v. Angelone,* 197 F. Supp.2d 476, 478 (E.D. Va. 2001); *see also McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The screening is necessary to determine whether the Defendants should be required to respond to the action.

The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

In Maryland, filing a request for administrative remedy with the warden of the prison is the first of three steps in the ARP process. *See* COMAR 12.07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR 12.07.01.05C; *Blake v. Ross*, 787 F.3d 693, 697 (4th Cir. 2015). If the appeal is denied, the prisoner has 30 days to file a grievance with

the Inmate Grievance Office ("IGO"). *See* C.S. §§ 10-206, 10-210; COMAR 12 07.01.03; COMAR 12.07.01.05B. Complaints are reviewed preliminarily by the IGO. *See* C.S. § 10-207; COMAR 12.07.01.06A. If the complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* C.J. § 10-208(c); COMAR 12.07.01.07-.08. The conduct of such hearings is governed by statute. C.S. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* C.S. § 10-209(b)-(c).

Here, it is uncontroverted that Burris filed this Complaint within thirty days of the alleged assault. Notably, he claims that he is still waiting on his administrative remedy. Therefore, he has, in effect, conceded that he has not satisfied the administrative exhaustion requirement under the PLRA. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase*, 286 F.Supp.2d at 530; *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to

3

exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

The court may, on its own raise the affirmative defense issue of Burris' exhaustion of administrative remedies under the PLRA. *See Anderson v. XYZ Correctional Health Service, Inc.*, 407 F.3d 674, 681-82 (4th Cir. 2005). It may not, however, dismiss the case for the failure to exhaust without first giving the prisoner the opportunity to address the issue *unless such failure is apparent from the face of the complaint. Id.* (emphasis added).

Here it is uncontroverted that Burris wrote this Complaint within thirty days of the alleged incident. He admits that his administrative remedy remains pending. Thus, it is readily apparent from the face of the Complaint that he has not exhausted his administrative remedies as to the officers' conduct and thus he has failed to state a claim. Accordingly, sua sponte dismissal of the Complaint is appropriate. *Anderson*, 407 F.3d at 682. The suit is premature.

Burris should allow the grievance process to run its course before seeking a Complaint for damages. His Complaint shall be dismissed without prejudice. A separate Order follows.

Date: <u>December 21, 2015</u>           _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge